IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES BOYD                          §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §        NO. 3-08-CV-1520-P
                                    §
TYRONE SHELTON                      §
                                    §
            Defendant.              §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by James Boyd, an inmate confined at the Red Onion State Jail in Pound, Virginia, against Tyrone Shelton. Plaintiff has neither paid the statutory filing fee nor sought leave to proceed *in forma pauperis*. His complaint is remarkably void of content--plaintiff merely alleges that Shelton struck him with a weapon and demands $15,000 in damages. After reviewing the pleadings, the court determines that plaintiff should not be allowed to prosecute this action unless he pays the statutory filing fee.

II.

To proceed in federal court, a litigant must either pay the statutory filing fee or seek leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914 & 1915. A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or

appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The only exception to this "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* In order to meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *quoting Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice--the harm must be imminent or occurring at the time the complaint is filed. *Id.* Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. *See Alpine v. Long*, No. 9-07-CV-234, 2007 WL 3132530 at *3 (E.D. Tex. Oct. 23, 2007). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. Jul. 20, 2006), *citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff is no stranger to the civil justice system.[1] While incarcerated in Virginia, he filed at least three civil actions that were dismissed either as frivolous or for failure to state a claim. *See Boyd v. Simpson*, No. 7-02-CV-0646 (W.D. Va. May 13, 2002); *Boyd v. None Named*, No. 7-02-CV-0598 (W.D. Va. Apr. 24, 2002); *Boyd v. Olson*, No. 7-02-CV-0074 (W.D. Va. Jan. 24, 2002). Two prior actions filed by plaintiff in the Northern District of Texas were dismissed pursuant to 28 U.S.C. § 1915(g). *See Boyd v. Phipps*, No. 3-06-CV-2095-G, 2006 WL 3635590 (N.D. Tex. Dec. 13, 2006); *Boyd v. Kasper*, No. 3-06-CV-2159-B, 2007 WL 30069 (N.D. Tex. Jan. 3, 2007). As in those cases, plaintiff makes no attempt to show that he is in "imminent danger of serious physical injury."

---

[1] A review of the U.S. Party and Case Index reveals that plaintiff has filed more than 40 lawsuits in the United States District Court for the Western District of Virginia. *See* http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl.

Consequently, plaintiff may not prosecute this action, or file any other lawsuit while incarcerated, unless he pays the statutory filing fee.

## RECOMMENDATION

Plaintiff should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE